NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILBERT D. BAKER, | : | Civil No. 03-cv-3695 (JLL) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    WILBERT D. BAKER, #668094A
    New Jersey State Prison
    Trenton, New Jersey  08625
    Petitioner pro se

    JOAN E. LOVE, Special Deputy Attorney General
    PAULA T. DOW, Acting Essex County Prosecutor
    Essex County Courts Building
    Newark, New Jersey  07102
    Attorneys for Respondents

**LINARES**, District Judge

    Wilbert D. Baker, a state prisoner serving a 50-year sentence with a 25-year period of parole ineligibility, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a). Respondents filed an Answer, conceding exhaustion and arguing, inter alia, that the claims presented are without merit.  Before the Court is Petitioner's unopposed motion for an evidentiary hearing to develop the factual basis of his claim that counsel was ineffective during plea negotiations for failing to advise him that he was subject to a presumptive 50-year term of incarceration as a persistent offender.  For the reasons expressed below and pursuant to Rule 78

of the Federal Rules of Civil Procedure, the Court grants the motion for an evidentiary hearing and appoints the federal public defender to represent Petitioner.  See 28 U.S.C. § 2254 Rule 8(a) & (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered after trial by jury on January 9, 1995, in the Superior Court of New Jersey, Law Division, Essex County.  On November 14, 1994, a jury convicted Petitioner of one count of carjacking in the first degree, in violation of N.J. Stat. Ann. § 2C:15-2(a)(1).[1]  After his conviction, the state filed a motion for discretionary imposition of an extended term of imprisonment as a persistent offender, pursuant to N.J. Stat. Ann. §§ 2C:43-7, 2C:44-3(a) and N.J. Ct. R. 3:21-4(e),[2] and Petitioner filed a motion for a new trial.  On January 9, 1995, after oral argument, Superior Court Judge Theodore A. Winard denied the motion for a new trial, granted the state's motion for an extended term of imprisonment as a

---

[1] Under New Jersey law, a person convicted of carjacking may be sentenced to an ordinary term of imprisonment between 10 and 30 years and the term shall include a minimum term of at least five years of parole ineligibility.  See N.J. Stat. Ann. § 2C:15-2(b).

[2] New Jersey law provides that the court may, upon application of the prosecuting attorney, sentence a person who has been convicted of a crime of the first, second, or third degree to an extended term of imprisonment if it finds that he or she is a persistent offender, defined as "a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two separate occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced."  N.J. Stat. Ann. § 2C:44-3(a).  In the cases designated in § 2C:44-3, a person who has been convicted of a crime of the first degree may be sentenced to an extended term of imprisonment between 20 years and life imprisonment, with a minimum term not to exceed one-half of the term during which the defendant shall not be eligible for parole.  See N.J. Stat. Ann. § 2C:43-7(a)(2), (b).  In the case of a first degree offense, the presumptive extended term is 50 years.  See N.J. Stat. Ann. § 2C:44-1(f)(1); State v. Dunbar, 108 N.J. 80, 88 (1987).

persistent offender, and sentenced Petitioner to a 50-year term of incarceration with a 25-year period of parole ineligibility.  Petitioner appealed to the Appellate Division of the Superior Court of New Jersey, which affirmed on June 12, 1997.  The New Jersey Supreme Court denied his Petition for Certification on September 23, 1997.

In March 1998, Petitioner filed a pro se motion for post conviction relief in the Law Division.  He filed a pro se supplemental petition in April 1998 and appointed counsel filed a supplemental verified petition for post conviction relief in August 2000.  Petitioner asserted that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment, applicable to states through the Fourteenth Amendment.  The petition raised eight grounds of ineffective assistance, including the claim for which he now seeks an evidentiary hearing.  After hearing oral argument from counsel on June 29, 2001, Judge Winard denied post conviction relief without conducting an evidentiary hearing.  Petitioner appealed and the Appellate Division summarily affirmed on December 24, 2002, in a two-page per curiam opinion.  On April 28, 2003, the Supreme Court of New Jersey denied Petitioner's petition for certification.

On July 28, 2003, Petitioner filed the § 2254 Petition which is pending before this Court.  The Petition raises nine grounds:

>Ground One:  The trial court's refusal to determine whether evidence of Petitioner's prior convictions would affect jurors' ability to be fair and impartial deprived Petitioner of a fair trial.
>
>Ground Two:  Prosecutor's comments deprived Petitioner of a fair trial.
>
>Ground Three:  Trial counsel was ineffective for not calling beneficial witnesses.

> Ground Four: Trial counsel was ineffective in his handling of the motion for a Wade hearing.
>
> Ground Five: Trial counsel was ineffective in submitting his request for supplemental voir dire questions.
>
> Ground Six: Trial counsel was ineffective for not presenting Petitioner with all the material information he needed in making his decision to accept a plea offer or go to trial, i.e., counsel failed to inform Petitioner prior to his decision to go to trial that he was eligible for an extended term sentence, which exposed him to a presumptive term of 50 years, half of which could be a period of parole ineligibility, and a maximum term of life imprisonment.
>
> Ground Seven: Trial counsel was ineffective for not informing Petitioner of his right to testify.
>
> Ground Eight: Trial counsel was ineffective for not seeking to renegotiate a plea offer after adverse rulings on the admissibility of identification evidence and request for voir dire on Petitioner's criminal record.
>
> Ground Nine: Appellate counsel was ineffective for failing to raise the improper limitation of recross examination of Detective Wright, the improper admission of lay opinion testimony of Detective Wright, and the improper limitation of trial counsel's opening and closing statements.

(Pet., Addendum II, Grounds for Relief.)

The State filed an Answer, conceding that the claims were exhausted, and arguing that Petitioner is not entitled to relief because he failed to allege a federal claim upon which relief can be granted and because none of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" within the meaning of 28 U.S.C. § 2254(d)(1) or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" within the meaning of § 2254(d)(2).

After receipt of the Answer, Petitioner filed a motion for an evidentiary hearing to resolve Ground Six, i.e., whether trial counsel was ineffective in failing to advise him during plea negotiations of his exposure under the persistent offender statutes to a life sentence and a 50-year presumptive extended term of imprisonment.  Petitioner asserts that the facts were not developed in the state courts because the post conviction relief court denied his request for an evidentiary hearing.  Petitioner maintains that an evidentiary hearing would establish that counsel failed to advise him of his exposure under the persistent offender statute and that, based on this advice, he declined to negotiate a plea to a 10-year sentence, with a five-year period of parole ineligibility.  Respondents have filed no papers opposing the motion.

## II.  STANDARD OF REVIEW

Habeas Rule 8, which governs the determination of whether to hold an evidentiary hearing, provides:  "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  28 U.S.C. § 2254 Rule 8(a).

Section 2254 of Title 28 of the United States Code provides that "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Petitioner contends that the presumption of factual correctness under § 2254(e)(1) does not apply because the New Jersey courts did not determine the facts necessary to decide his claim of ineffective assistance of counsel during plea negotiations.  This Court has reviewed the transcript of the oral argument on Petitioner's motion for post conviction relief dated June 29,

2001, before Judge Winard. The transcript indicates that no testimony was taken. Although the Index to the transcript indicates that the court's ruling begins at page 92, the copy of the transcript provided to this Court does not contain the post conviction relief court's reasoning. Rather, the transcript stops in mid-sentence during the prosecuting attorney's argument at the bottom of page 86.[3] Nevertheless, it is undisputed that no testimony was taken and that the post conviction relief court denied relief without an evidentiary hearing.[4] Under these circumstances, this Court agrees with Petitioner that § 2254(e)(1) does not apply because the state courts did not determine the facts necessary to resolve his ineffective assistance of counsel during plea negotiations claim.

Petitioner further argues that § 2254(e)(2) does not bar an evidentiary hearing. Section 2254(e)(2) bars an evidentiary hearing where petitioner "has failed to develop the factual basis of a claim in State court proceedings," absent limited exceptions. 28 U.S.C. § 2254(e)(2). In

---

[3] The remaining nine pages contain a footer with the court reporter's name, "Rosenberg & Associates," and telephone number, but the body of each page contains an alphabetized index unrelated to Petitioner's case.

[4] In the Answer, Respondents assert the following in regard to Ground Six:

> Petitioner fails to realize that: (1) there was no written authorized plea offer by the State, and (2) if there had been an offer, the plea cut-off date would have occurred before pretrial motions and questioning of the jury. Defense counsel would have been prevented from 'renegotiations' . . . . Petitioner alleged that counsel never informed him of his persistent offender status and his eligibility for enhanced sentencing. However, it is unfathomable that a seasoned criminal trial attorney, knowing Petitioner's serious prior record, would not communicate the possibility of an extended term sentence. Because of the above rationale and case law, Petitioner's claims must fail.

(Answer at 16, 18.)

Williams v. Taylor, 529 U.S. 420 (2000), the Supreme Court held that, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Id. at 432.  "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437.  This Court agrees that § 2254(e)(2) does not bar an evidentiary hearing because Petitioner was diligent in attempting to develop the facts supporting his claim of ineffective assistance of counsel before the New Jersey courts.  Specifically, it is clear from the record that Petitioner requested an evidentiary hearing in his petition for post conviction relief and that he argued on appeal that the trial court erred in denying an evidentiary hearing.

Under these circumstances, § 2254 permits this Court to order an evidentiary hearing. See Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001). In determining whether to order an evidentiary hearing, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." Id. at 287.

In this case, Petitioner has explained how an evidentiary hearing would advance his ineffective assistance claim.  Plaintiff asserts that his counsel told him that plea negotiations had occurred regarding a 10-year sentence with a five-year period of parole ineligibility.  He alleges that counsel advised him that, if he went to trial and were convicted, the sentence would include no more than five years of parole ineligibility, when in reality, his maximum exposure as a persistent offender was a life sentence with a 25-year period of parole ineligibility and a

7

presumptive 50-year term.  He maintains that, had counsel provided accurate advice in regard to sentencing, he would have pursued plea negotiations and accepted the 10-year sentence.

Under Supreme Court precedent, a defendant has the ultimate authority to make the fundamental decision as to whether to plead guilty or go to trial.  See Jones v. Barnes, 463 U.S. 745, 751 (1983).  Under Strickland v. Washington, 466 U.S. 668 (1984), defense counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  Strickland, 466 U.S. at 691.  In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court determined that the two-part Strickland v. Washington standard governs a claim of ineffective assistance of counsel arising out of the plea process.  Id. at 369-71.  Under the Strickland standard, a defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  Id.  Under Strickland, as modified by Hill v. Lockhart, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  Hill, 474 U.S. at 59.

Under the above Supreme Court precedent, "a defendant has the right to make a reasonably informed decision whether to accept a plea offer," and "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty."  United States v. Day, 969 F.2d 39, 43 (3d Cir.

1992).  Under these precedents, trial counsel's failure to inform petitioner of his exposure to a three-strikes or persistent offender statute falls below an objective standard of reasonableness. See Day 969 F.2d at 42-44; accord Baker v. Barbo, 177 F.3d 149, 154 (3d Cir. 1999) ("[W]e must hold that an attorney who does not know the basic sentence for an offense at the time that his client is contemplating entering a plea is ineffective").  A petitioner satisfies the prejudice prong under Strickland and Hill where he shows that there is a reasonable probability that, but for counsel's failure to advise him of his sentencing exposure as a persistent offender, he would have pleaded guilty in exchange for a substantially lesser sentence.  See e.g., Riggs v. Fairman, 399 F.3d 1179 (9th Cir. 2005) (§ 2254 relief warranted because defense counsel's failure to learn that defendant was exposed to a potential 25-year-to-life sentence as a career offender fell below an objective standard of reasonableness and petitioner's testimony that he would have accepted a plea but for counsel's deficient performance, coupled with the significant discrepancy between the plea and petitioner's exposure, satisfies the prejudice prong); Magana v. Hofbauer, 263 F.3d 542 (6th Cir. 2001) (relief warranted under § 2254 where defense attorney's misadvice regarding potential sentencing exposure fell below objective standard of reasonableness and, but for counsel's erroneous advice, there is a reasonable probability that he would have accepted a plea); Mask v. McGinnis, 233 F.3d 132, 142 (2nd Cir. 2000) (prejudice requirement is satisfied where defendant testifies to his willingness to accept a reasonable plea bargain and a great disparity existed between the sentence exposure at trial and in the plea bargain); United States v. Gordon, 156 F.3d 376, 380 (2nd Cir. 1998) (whether the government had made a formal plea offer is irrelevant to ineffective assistance claim because the petitioner was prejudiced because he did not

have accurate information upon which to make his decision to pursue further plea negotiations or go to trial); Day, 969 F.2d 39.

Petitioner presents a colorable ineffective assistance of counsel claim. This Court will order an evidentiary hearing to give Petitioner an opportunity to prove that his trial counsel's failure to advise him of his exposure under the persistent offender law was constitutionally deficient and to show a reasonable probability that he would have accepted a plea offer to a substantially lesser sentence, but for counsel's advice.

Habeas Rule 8(c) requires the appointment of an attorney to represent a petitioner who is financially eligible for appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) when the Court determines that an evidentiary hearing is warranted. See 28 U.S.C. § 2254 Rule 8(c); United States v. Iasiello, 166 F.3d 212 (3d Cir. 1999). Contingent upon Petitioner's financial qualification under 18 U.S.C. § 3006A(a)(2)(B), the Court will appoint the federal public defender to represent Petitioner.

### IV. CONCLUSION

Based on the foregoing, the Court grants Petitioner's motion for an evidentiary hearing and, contingent upon Petitioner's financial eligibility, appoints the federal public defender to represent Petitioner. An appropriate Order accompanies this Opinion.

DATED: July 11, 2005

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE