UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILBERT D. BAKER, : | Civil No. 03-cv-3695 (JLL) |
| Petitioner, : | |
| v. : | **O R D E R** |
| ROY L. HENDRICKS, et al., : | |
| Respondents. : | |

This matter coming before the Court by way of Respondents' motion [docket entry #16] for reconsideration of the Opinion and Order [docket entries ##14, 15] granting an evidentiary hearing, and it appearing that:

1. Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered on January 9, 1995, in the Superior Court of New Jersey, Law Division, Essex County. Respondents filed an Answer and relevant portions of the state court record. Petitioner thereafter filed a motion for an evidentiary hearing.

2. By Order and accompanying Opinion entered July 11, 2005, this Court granted Petitioner's motion for an evidentiary hearing to develop the factual basis of a claim that trial counsel was ineffective in failing to advise him during plea negotiations of his exposure under the persistent offender statute to a life sentence and a 50-year presumptive extended term of imprisonment.

3. Respondents' motion requests reconsideration of the Order granting an evidentiary hearing. Respondents support the motion for reconsideration with a letter memorandum and affidavit of counsel.

4. Local Civil Rule 7.1(i) governs motions for reargument or reconsideration. The rule provides, in relevant part:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Local Civ. R. 7.1(i).

5. Petitioner correctly notes that relief under Local Civil Rule 7.1 is not warranted unless the Court overlooked a potentially dispositive legal argument or factual matter. See Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001).

6. Respondents present four arguments to support the motion for reconsideration. First, Respondents maintain that an evidentiary hearing is not warranted because Petitioner has presented nothing to this Court to substantiate his claim that defense counsel was ineffective, except his own assertion. Second, Respondents argue that reconsideration is warranted because it is inconceivable that the attorney representing Petitioner failed to advise him of his sentencing exposure. Third, Respondents argue that reconsideration is warranted because the State did not present a written plea offer to defense counsel. Fourth, Respondents argue that reconsideration is warranted because Petitioner would not have been able to give a true factual basis for a guilty plea. (Letter Memorandum dated Aug. 1, 2005, from Office of Essex County Prosecutor.)

7. Petitioner opposes the motion on the ground that Respondents present no additional material facts or legal authority not before the Court at the time it granted the evidentiary hearing.

8. When this Court granted Petitioner's motion for an evidentiary hearing, the Court considered the arguments which Respondents present now. This Court was aware that the record contained no evidence regarding the claim at issue, insofar as the Law Division denied relief without conducting an evidentiary hearing. This Court considered the arguments, which Respondents had presented in the Answer, that there was no written plea offer and that it was "unfathomable that a seasoned criminal trial attorney . . . would not communicate the possibility of an extended term sentence." (Answer at 16, 18.) (Opinion entered July 11, 2005, at 6 n.4.

9. Petitioner has not shown that the Court overlooked a potentially dispositive legal argument or factual matter and Relief under Local Civil Rule 7.1(i) is not warranted.

IT IS therefore on this 28th day of November, 2005,

ORDERED that the Motion [docket entry #16] for reconsideration is DENIED.

JOSÉ L. LINARES, U.S.D.J.

3